FILED

NOV 0 8 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Cr. No. 12-0799GT |
| v. | ) **ORDER** |
| ELISEO DELGADILLO-AVILA, | ) |
| Defendant. | ) |

On November 8, 2013, Defendant, Eliseo Delgadillo-Avila, came before the Court for resentencing after remand. Mr. Delgadillo filed one objection to the Presentence Report ("PSR"), specifically that his prior 1997 drug offense is not categorically a drug trafficking offense and does not merit the + 8 for the Specific Offense Characteristic. The Court has fully considered this matter, including a review of the case file, the brief submitted and the arguments therein. For the reasonS stated below, Mr. Delgadillo's objection is **DENIED**.

//

//

## **BACKGROUND**

On March 23, 2012, Mr. Delgadillo, pled guilty to a one count Information charging him with Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). Mr. Delgadillo filed Objections to the PSR, specifically that his prior drug trafficking offense only merited a +4 and not a +8.

On June 12, 2012, Mr. Delgadillo was sentenced. The Court denied Mr. Delgadillo's objection. The caluclated guideline range with the + 8 was 12-18 months. However, the Court sentenced Mr. Delgadillo to 48 months in custody and three years supervised release. The Probation Officer recommended 48 months because Mr. Delgadillo had two prior immigration offenses for which he received a sentence of 46 months and 63 months respectively. He also had a very lengthy criminal histroy.

On August 5, 2013, the Ninth Circuit vacated Mr. Delgadillo's sentence and remanded the case back to this court for re-sentencing. The Ninth Circuit stated that this Court did not identify the statute of conviction for Mr. Delgadillo's prior felony drug trafficking offense and hence did not analyze it under Taylor v. United States. The Ninth Circuit also held it was error to rely on the probation officer's characterization of the prior as a drug trafficking offense.

## **OBJECTION**

Now upon re-sentencing, Mr. Delgadillo has filed one objection to the PSR, specifically that the Oregon statute of conviction was not identified and that if identified, is not categorically a drug trafficking offense. According to Mr. Delgadillo, his prior drug offense should only merit a + 4 and not a + 8. Mr. Delgadillo makes a lengthy argument that O.R.S. § 475.752 criminalizes both felonies and misdemeanors and hence, is overbroad. This is incorrect.

The Oregon statute of conviction was O.R.S. § 455.992, which was renumbered to § 475.752. This statute is clearly a divisible statute because it makes distinctions between classes of felonies and classes of misdemeanors according to the controlled substance in question. Hence, the Court may employ the modified categorical approach to determine which subsection is applicable.

Utilizing the modified categorical approach, the complaint clearly states in Count 2 that Mr.

12cr0799

Delgadillo was charged with and pled guilty to violating O.R.S. § 475.992(1)(a)/Class A felony (this statute was subsequently renumbered as § 475.752(1)(a)).  Count 2 of the Complaint also states that Mr. Delgadillo "did unlawfully and knowingly deliver. . .the controlled substance heroin." Accordingly, under the modified categorical approach, Mr. Delgadillo's prior offense is a drug trafficking offense and merits the +8.

**IT IS ORDERED** that Delgadillo's Objection to the PSR is **DENIED.**

**IT IS SO ORDERED.**

11/8/13
date

GORDON THOMPSON, JR.
United States District Judge

cc:  All counsel and parties without counsel

3

12cr0799